## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:  Stephen J. Reichert** | : | **CHAPTER 13** |
| **Deborah A. Reichert** | : | |
| | : | **CASE NUMBER 13-20063-sr** |
| **Debtors** | : | |
| | : | |
| | : | **FOURTH AMENDED PLAN** |

### YOUR RIGHTS WILL BE AFFECTED

If you oppose any provision of this plan you must file a timely written objection.  This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

1. **PLAN PROVISIONS DISCHARGE:**

    The Debtors are not eligible for a discharge of debts because the Debtors have  previously received a discharge described in 11 U.S.C. §1328(f).

2. **PLAN FUNDING AND LENGTH OF PLAN**

    Payment  by the Debtors of  **$156,374.20** through the first **28** months.  Beginning in **August, 2016,** payments of **$1,000.00** per month for three months through **October, 2016**.  Then **$8,407.00** for the remaining **25** months.

    Length of Plan:  **60** months.

    Total amount to be paid to the Trustee: **$369,549.20**.

**3.    SECURED CLAIMS**

   A.   **Mortgages Secured Claims Paid Directly by Debtor.** The following claims shall retain their liens during the pendency of this Plan.  Post petition payments will be made directly by the Debtor to the holder of the claims and not by the Trustee according to the original contract terms, with no modification of contract terms.

| Name of Creditor | Description of Collateral | Claim Amount |
|---|---|---|
| **US Bank, N.A. c/o Wells Fargo** **(First mortgage)** **(Claim No. 3-2)** | 1350 Shady Lane, Chester Springs, PA  19425 | $1,156,141.34 |
| **Robert Scott and Robin Scott** **(first mortgage)** | 2355E Apache Road, #1, Teton County, Wyoming | $225,000.00 |
| **Benchmark Federal Credit Union** | 2005 Audi A-4 | $3,100.00 |

   B.   **Cure of Pre-Petition Default and Maintenance of Monthly Payment**s.

The Trustee shall make distributions to the holders of the following claims in the full amount of the allowed prepetition arrears as reflected on the claim docket or determined by the court. In the event of a conflict the court order shall be determinative.  Commencing with the first installment becoming due after the commencement of this case, all future monthly installment payments will be paid directly by the Debtor to the holder of the claims and not paid by the Trustee.

| Name of Creditor | Description of Collateral | Pre-petition arrears to be cured |
|---|---|---|
| **US Bank, N.A. c/o Wells Fargo** **(First mortgage)** **(Claim No. 3-2)** | 1350 Shady Lane, Chester Springs, PA  19425 | $275,644.78 |
|  |  |  |
|  |  |  |

**C.    Secured Claims Paid in Full or According to Modified Terms to be Paid Trustee.**

These claims will be paid the full amount of the secured claim as reflected on the claims docket or determined by the court. If necessary, the Debtor shall file a Motion and or Adversary Action to Determine the Extent, Validity and Priority of the Lien. In the event of a conflict the court order shall be determinative.  To the extent that the valuation provisions of 11 U.S.C. § 506 do not apply, the claim holder's failure to object to the confirmation of this plan shall constitute the creditor's acceptance of the treatment of its claim pursuant to 11 U.S.C. § 1325(a)(5)(A). The holders of the following claims shall retain their liens securing their claims during the pendency of this Plan.  However, to the extent that any claim is fully or partially unsecured pursuant to 11 U.S.C. §506(a), that portion of the claim which is unsecured shall be provided as an Unsecured Claim under this Plan and a creditor holding such a claim retains its lien only to the extent of its allowed secured claim.  Pursuant to 11 U.S.C. 1327, after the allowed secured claim has been paid in full, the property securing the claim shall vest in the Debtor free and clear of any claim, interest or lien of such creditor and the creditor shall promptly mark any lien securing such claim as satisfied in the appropriate public records.  The Debtor may enforce this paragraph by instituting an appropriate enforcement proceeding in the bankruptcy court either before or after the entry of the discharge order and either before or after the closing of this case.

| Name of Creditor | Description of Collateral | Secured Claim to be Paid By Trustee |
|---|---|---|
| **Green Tree Servicing, LLC (Bank of America)** **(Claim No. 1)** **(lien avoided in adversary action 14-205** | 1350 Shady Lane, Chester Springs, PA  19425 | $0.00 |
| **Internal Revenue Service** **(Claim No. 4-2)** | 1350 Shady Lane, Chester Springs, PA  19425 | $31,619.74 |
| **Susquehanna Banks** **(third & fourth mortgages)** **(liens avoided in adversary 14-224)** | 1350 Shady Lane, Chester Springs, PA  19425 | $0.00 |
| **Real Time Resolutions, Inc.** **(fifth, sixth and seventh mortgages)** **(Liens avoided in adversary 14-256)** | 1350 Shady Lane, Chester Springs, PA  19425 | $0.00 |

| **Herbert Reichert** <br> **(Second mortgage)** | 2355E Apache Road, #1, Teton County, Wyoming | $0.00 |
|---|---|---|

**D.    Surrender of Secured Property**:  The Debtors will surrender the property securing the following claims.  The Trustee is not to make any disbursements to these creditors.

| **Name of Creditor** | **Secured Property to be Surrendered** |
|---|---|
| **Borough of Pottstown** <br> **(Claim No. 6)** | 122 East Third Street, Pottstown, PA  19464 |
| **Wells Fargo Bank, N.A.** <br> **(Claim No. 12)** | 122 East Third Street, Pottstown, PA 19464 |

**E.    Other Secured Claims "Not Provided For" By the Plan:** A portion of the secured Claim of the IRS (Claim 4-2)  will not be paid by the Trustee and remain as a lien once the bankruptcy is concluded.

| **Name of Creditor** | **Property Securing the Debt Not Provided For** |
|---|---|
| **Internal Revenue Service** <br> (Claim No. 4-2) | 1350 Shady Lane, Chester Springs, PA 19425 <br> Amount of the lien which shall be retained and not paid off is <br> $15,849.72 |
|  |  |

**F.     Lien Avoidance**.  The Debtors will move to avoid the judicial liens of the following creditors pursuant to §522(f).

| **Name of Creditor** | **Description of Collateral** |
|---|---|
| **Three judicial liens from PNC Bank** | 1350 Shady Lane, Chester Springs, PA 19425 |
| **Judicial lien from Nova Bank** | 1350 Shady Lane, Chester Springs, PA 19425 |
| **Judicial lien from American Express Centurian** | 1350 Shady Lane, Chester Springs, PA 19425 |
| **Judicial lien from European Touch Painting** | 1350 Shady Lane, Chester Springs, PA 19425 |
| **Two judicial liens from Susquehanna Bank** | 1350 Shady Lane, Chester Springs, PA 19425 |

**4.  PRIORITY CLAIMS**

A.     The following allowed priority claims under 11 U.S.C. § 507 shall be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to 11 U.S.C. § 1322(a)(4).  The Trustee will make distribution to the holders of these claims. Any balance owed the Trustee has made the aforesaid payment shall be discharged.

| **Name of Priority Creditor** | **Total Amount to be Paid** |
|---|---|
| **PA Department of Revenue (2010-2012 income taxes) (Claim No. 13)** | $7,012.28 |
| **Internal Revenue Service (Claim 4-2)** | $15,849.72 |

−5−

B. Administrative Claims

(1) Trustee fees. Statutory commission payable to the Trustee, not to exceed 10%

(b) Debtors' attorney's fee: **$1,500.00** to be paid by Trustee.

## 5. UNSECURED CLAIMS

A. **Claims of Unsecured Non priority Creditors Specially Classified**. The following unsecured claims include claims such as co-signed unsecured debts and student loans, that will be paid directly by the Debtors and not by the trustee. Contract terms will not be modified.

| Name of Creditor | Basis for Separate Classification | Treatment | Estimated Amount to be Paid |
|---|---|---|---|
| **PHEAA** (Claim No. 5) | Student loans | | n/a |
| **Fed Loan Serv** (Claim No. 8) | Student loan | | n/a |

B. **Claims of General Unsecured Creditors.** Any timely filed allowed unsecured claims shall be paid 100% of all allowed claims. Any claims filed after the proof of claim deadline shall not be allowed and shall not be paid by the Trustee.

| Name of Creditor | Total Amount to be Paid |
|---|---|
| **Qwest Corporation** (Claim No. 2) | $229.86 |
| **Merrick Bank** (Claim No. 7) | $483.97 |
| **PA Department of Revenue** (2009-2012 income taxes) (Claim No. 13) | $2,793.31 |

**6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

    a. The following executory contracts and unexpired leases are assumed and payments due after the filing of this case will be paid directly by the Debtor:

| **Name of Creditor** | **Nature of Contract or Lease** |
|---|---|
| **n/a** | |
| | |
| | |

    b. Unless otherwise provided, the Debtor shall cure any pre-petition monetary default on the assumed lease(s) or executor contract in equal monthly payments by the Trustee over the length of this plan, with said payments to be made as those for pre-petition secured claims.

| **Name of Creditor** | **Nature of Contract** | **Pre-petition arrears to be cured** |
|---|---|---|
| **n/a** | | |
| | | |

    c. The following executory contracts and unexpired leases are rejected:

| **Name of Creditor** | **Nature of Contract or Lease** |
|---|---|
| **n/a** | |
| | |

7. **ORDER OF DISTRIBUTION**

    The Trustee shall pay the allowed claims provided for by this Plan in the following order:

        (1) Debtor's attorney's fees;
        (2) Domestic support obligations;
        (3) Cure of Prepetition Secured Claims and Prepetition Executory contract arrears;
        (4) Allowed Secured Claims Paid in Full and/or Modified;
        (5) Allowed Priority Claims Other than Domestic Support Obligations;
        (6) Allowed timely filed Unsecured Claims – Not Separately Classified

8. **REVESTING OF PROPERTY**

    Property of the estate will vest in the Debtors upon confirmation.

9. **MISCELLANEOUS PLAN PROVISIONS**

a.    The Debtor shall have sole right to use and possession of all property of the estate, including the right to use or lease such property during the pendency of this case. In addition, unless modified by express order of the bankruptcy court, the stay provided by 11 U.S.C. §362(a) shall remain in effect until entry of the discharge order.

b.    Notwithstanding any provision of this Plan, a holder of an allowed claim may agree to a different treatment than that provided in this Plan and such agreement shall be binding on the holder.

c.    If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payment of that claim directly to the creditor in the Chapter Plan, the holder of the claim shall resume sending customary statements and notices to the debtor.

d.    If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post petition coupon book(s) to the Debtor after this case has been filed.

e.    Statements or coupon books sent as set forth above shall not violate the automatic stay.

<u>**August 10, 2016**</u>                 **/s/   Scott F. Waterman, Esquire**
                                                   **SCOTT F. WATERMAN, ESQUIRE**
                                                   **Attorney for Debtors**